JUSTICE GRAY
specially concurring.
I concur in the Court’s opinion. It is my view, however, that additional clarification is necessary to prevent confusion in this important area of child custody.
The Court is careful to state that this case involves a child custody modification proceeding between the biological mother and the biological father. This case does not involve a proceeding in which the child’s maternal great-aunt sought legal custody of the child. Notwithstanding the nature of the proceeding before it, the District Court granted temporary custody of the child to the great-aunt. The Court holds, and I agree, that the District Court erred in doing so.
In reaching its decision, the Court correctly states that under circumstances and statutes not before us here involving an abused, neglected or dependent child, custody might be granted to a nonparent. It does not address any other circumstances in which custody might be granted to a nonparent.
We held in In re Custody of R.R.K. (1993), 260 Mont. 191, 859 P.2d 998, that a nonparent could seek custody of a child pursuant to the provisions contained in § 40-4-211(4)(b), MCA. I specially concur here only to express my understanding that the Court’s failure to mention this alternative basis through which nonparents properly might be granted custody — which, like the situation involving an abused, neglected or dependent child, also is not before us — is not in any way a negation of our decision in In re Custody of R.R.K.